THE PEOPLE ex. rel. WILLIAM E. COOK AND JOHN STAHL, JR. vs. THE JUDGES OF THE COURT OF COMMON PLEAS OF NIAGARA COUNTY.

A peremptory mandamus will be allowed to compel a court of common pleas to approve a new appeal bond, where the bond returned by the justice is not approved by him, or is approved by an officer who is not authorized, under the law " of appeals to the court of common pleas."

*A motion for a peremptory mandamus to issue, on a return to an alternative mandamus.*—This was an appeal cause from a justice's court, to the Niagara common pleas; wherein one Edwin Pichard was appellee, and the relators, William E. Cook and John Stahl, jr., appellants. On the 3d day of January, 1845, an affidavit with allowance of an appeal thereon, together with a bond executed by the appellants and one William Wood, as surety, was served on the justice of the peace before whom the judgment was rendered, and the fees paid. The justice refused to approve the bond, on the ground that he was unacquainted with the surety. The bond was then taken to the officer allowing the appeal, (a Supreme Court commissioner,) and approved by him, and returned to the justice the same day. The justice made and filed his return 25th January, 1845, never having approved of the bond, but filed it with the approval only of the Supreme Court commissioner endorsed thereon. At the February term of the court of common pleas of Niagara county, Pichard, the appellee, moved to quash the appeal; which motion was granted with costs; on the ground that the appellants did not at the time they served upon the justice the affidavit and allowance of appeal, or at any other time serve upon or deliver to the said justice a bond with sureties, the sufficiency of which was certified or approved at any time, or in any manner by the justice or by any other officer authorized to certify or approve of the sufficiency of sureties in cases " of appeals to the court of common pleas."

S. P. NASH, *Relators Counsel.*    HIRAM C. CLARK, *Relators Atty.*

J. A. COLLIER, *Judges Counsel.*   C. R. PARKER, *Atty for Judges.*

On the granting of the motion to quash the appeal, by the common pleas, the appellants moved the court to approve of the sureties to the bond so delivered and filed by the justice, which the court refused to do, on the ground that the statute had not conferred jurisdiction upon them. The appellants, then asked leave and offered to file a new bond with sureties to be approved by the court, which the court refused to allow, on the ground that there was not any informality or other imperfection in the bond then on file, and nothing therein to be amended; the bond was formal and perfect upon its face, but that the defect in the proceedings sought to be supplied by the appellants, was the omission or neglect of the appellants to give the sureties required by law in appeal cases, which omission or neglect the court of common pleas had no right or authority and could not amend and supply. The relators' counsel cited *2 R. S., 2d ed.,* 189, § 204, *and* 11 *Wend.,* 174.

JEWETT, Justice. — The return of the justice having been made, the court of common pleas thereby acquired jurisdiction, and were by the authorities above cited, bound to approve a new bond. A peremptory mandamus must be allowed.

Rule accordingly.